```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS
```

PATRICK MORGAN,
      Plaintiff,

      v.                       C.A. No. 14-10659-IT

MIDDLESEX SHERIFF'S OFFICE, et al.
      Defendants.

<u>MEMORANDUM AND ORDER</u>

For the reasons stated below, (1) plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs is allowed; (2) plaintiff is assessed an initial, partial filing fee; (3) plaintiff's Motion to Appoint Counsel is denied without prejudice; (4) plaintiff's Motion for Injunctive Relief is denied as premature; (5) plaintiff's request to impound the proceedings is denied; and (6) within forty-two (42) days of the date of this Memorandum and Order, plaintiff shall show cause why his complaint should not be dismissed, or in the alternative, he shall file an amended complaint curing the pleading deficiencies noted herein.

I    <u>Background</u>

On March 10, 2014, Patrick Morgan ("Morgan"), an inmate confined to the Middlesex House of Correction, initiated this civil action by filing a "Complaint" pursuant to "28 U.S.C. § 2254" accompanied by an Application to Proceed Without Prepayment of Fees as well as an affidavit stating, among other things, that he had requested a withdrawal from his prison account in order to pay the $5.00 filing fee for a habeas corpus action.

By Memorandum and Order dated April 16, 2014, Morgan's Application to Proceed Without Prepayment of Fees was denied without prejudice and he was ordered that if he wished to proceed with this action to file either an amended habeas petition or a complaint.  See Docket No. 5.

Now before the Court are Morgan's (1) motion for appointment of counsel, (2) complaint, (3) renewed application to proceed in district court without prepaying fees or costs and (4) motion for injunctive relief.  See Docket Nos. 7, 9-11.

Although the case caption of the complaint names as the defendant the "Middlesex Sheriff's Office," Morgan explains in the body of the complaint that "[t]his action is brought as a civil rights complaint against the Sheriff of Middlesex County pursuant to 42 U.S.C. § 1983."  See Pl. Compl., ¶ 3, Docket No. 9.  Additionally, paragraph 2 of the complaint identifies the sole defendant as the Sheriff of Middlesex County.  Id. at ¶ 2. Plaintiff alleges that the Sheriff is "the executive officer of a public employer, to wit the Middlesex Sheriff's Office, whose employee's negligence caused the Plaintiff to suffer damages." Id. at ¶ 3. He alleges exhaustion of his administrative remedies. Id.

In his complaint, Morgan explains that in 2010 he was arrested in Framingham and was remanded without bail to the Middlesex Jail in Cambridge.  Id. at p. 2.  According to Morgan,

2

he was subjected to cruel and unusual punishment during his 34 month incarceration.  Id.

Morgan alleges that he has been unable to gain access to weekly counseling at the jail.  Id. at p. 5.  Morgan complains that he has been transferred to county facilities as well as to Bridgewater State Hospital for a mental health evaluation under M.G.L. ch. 123, § 18A.  Id. at p. 3.  Morgan alleges that weekly religious services not being offered to all inmates.  Id. at p. 3.

Morgan contends that his "health has been drastically exacerbated due to abuse by the Sheriff's dpt's (sic), and this litigation."  Id. at p. 2.  Morgan alleges that the defendant abused his authority by issuing policies such as a requirement for inmates in the Billerica segregation unit to wear safety tunics known as "turtle suits" which were never washed.  Id. at p. 3.  Plaintiff complains that the Billerica jail does not wash prison jump suits.  Id. at p. 4.  Morgan alleges that he was "Hog-tied" inside the segregation unit and was subjected to extended use of chemical and physical restraints.  Id. at p. 3. Morgan alleges that on August 29, 2011, he was confined to "The Chair" for 22 hours straight while handcuffed behind the back. Id. at p. 4.

Plaintiff alleges that the cells were "extremely dirty, often with blood, and vitroil oil on the walls."  Id. at p. 3.

3

He alleges that he could shower only three days a week and was not permitted to obtain personal hygiene items from the canteen. Id. Morgan alleges that he witnessed the shift commander tell an inmate that the jail doesn't follow the state regulations. Id.

Morgan alleges that he was subjected to harassment and retaliation from the defendant for filing administrative complaints as well as for filing a civil action in Middlesex Superior Court which was subsequently dismissed for lack of service. Id. at p. 2. The retaliation took the form of (1) delayed, lost or stolen correspondence; and (2) an unreasonable search of plaintiff's housing area. Id. at p. 4. Morgan states that he "is afraid of any more abuse/retaliation by the Sheriff's dpt. (sic)" Id.

II  Plaintiff's Application to Proceed In
    District Court Without Prepaying Fees or Costs

A party bringing a civil action must either (1) pay the $350.00 filing fee and the $50.00 administrative fee[1], see 28 U.S.C. § 1914(a); or (2) seek leave to proceed without prepayment of the filing fee, see 28 U.S.C. § 1915 (proceedings in forma pauperis).

Based upon the information contained in Morgan's application and the prison account statement submitted therewith, the Court

---

[1] The $50.00 administrative fee became effective May 1, 2013; it does not apply to persons proceeding in forma pauperis. See Judicial Conference Fee Schedule.

grants the application. The grant of the application only relieves Morgan of the obligation to prepay the filing fee.

As explained in the court's earlier order, unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the $350.00 filing fee, notwithstanding the grant of in forma pauperis status. See 04/16/14 Memorandum and Order, Docket No. 5, p. 4, n. 3. Based on the information contained in the prison account statement, the court will direct the appropriate prison official to withdraw an initial partial payment from the plaintiff's account, followed by payments on a monthly basis until the entire $350.00 filing fee is paid in full. See 28 U.S.C. § 1915(b)(1)-(2).

In accordance with 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of $26.51. The rest of the filing fee, $323.49, shall be collected in accordance with 28 U.S.C. § 1915(b)(2).

III  Screening of the Complaint

When a plaintiff is permitted to proceed without prepayment of the filing fee, summonses do not issue until the Court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915. Similarly, under 28 U.S.C. § 1915A, prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity are subject to screening. Both § 1915 and §

1915A require federal courts to dismiss complaints if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

To survive a motion to dismiss, a complaint "must 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,' and allege 'a plausible entitlement to relief.'" Decotiis v. Whittemore, 635 F.3d 22, 29 (1st Cir. 2011) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 559 (2007)). To determine whether the factual allegations in the complaint are sufficient to survive a motion to dismiss, the Court "employ[s] a two-pronged approach." Soto-Torres v. Fraticelli, 654 F.3d 153, 158 (1st Cir. 2011). "The first prong is to identify the factual allegation and to identify statements in the complaint that merely offer legal conclusions couched as facts or are threadbare or conclusory." Id. The second prong is to assess whether the factual allegations "'allow [ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. at 159 (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). If they do, "the claim has facial plausibility." Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12

(1st Cir. 2011).

In conducting the preliminary screening, plaintiff's complaint is construed generously. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 595-96, 30 L. Ed. 2d 652 (1972); Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 23 (1st Cir. 2000). The court reads plaintiff's complaint with "an extra degree of solicitude," Rodi v. Ventetuolo, 941 F.2d 22, 23 (1st Cir. 1991), due to his pro se status, see id.; see also Strahan v. Coxe, 127 F.3d 155, 158 n. 1 (1st Cir. 1997) (noting obligation to construe pro se pleadings liberally) (citing Haines v. Kerner, 404 U.S. at 520)).

Upon such review, plaintiff's complaint is subject to dismissal for the reasons set forth below.

IV   Legal Standard Under 42 U.S.C. § 1983

Section 1983 creates a cause of action against those who, acting under color of state law, violate federal constitutional or statutory law. See 42 U.S.C. § 1983.[2] To prevail, a plaintiff must show that "the challenged conduct [is] attributable to a person acting under color of state law" and that "the conduct

---

[2]Section 1983 of Title 42 provides in relevant part that "every person (emphasis added) who, under color of statute, ordinance, regulation, custom or usage of any state . . . subjects or causes to be subjected, any citizen of the United States . . . through the deprivation of any rights, privileges or immunities secured by the constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceedings of redress."

7

must have worked a denial of rights, secured by the Constitution or by federal law. Soto v. Flores, 103 F. 3d 1056, 1061 (1st Cir.), cert. denied, 522 U.S. 819, 118 S.Ct. 71, 139 L.Ed.2d 32 (1997).

V      Discussion

    A.   Claims for Money Damages

        1.   Middlesex Sheriff's Office

To the extent Morgan brings this action against the Middlesex Sheriff's Office, the complaint fails to state a claim for relief.[3] The Eleventh Amendment[4] of the United States Constitution generally is recognized as a bar to suits in federal courts against a State, its departments and its agencies, unless the State has consented to suit or Congress has overridden the State's immunity. Bd. of Trs. of Univ. of Ala. v. Garrett, 531 U.S. 356, 363, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001); see also Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984).

The Middlesex Sheriff's Office became a state agency in 1999

---

[3] Although paragraph 2 of the complaint identifies the sole defendant as the Sheriff of Middlesex County, the case caption of the complaint names the Middlesex Sheriff's Office as defendant. See Pl. Compl., Docket No. 9.

[4] The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI.

when the government of Middlesex County was abolished along with several other counties. See M.G.L. ch 34B, § 1; see also Cape Cod Times v. Sheriff of Barnstable Cnty., 433 Mass. 587, 588 n. 4, 823 N.E.2d 375, 378 n. 4 (2005). Under the Eleventh Amendment, "an arm of the state government ... enjoys Eleventh Amendment immunity from suits for money damages brought in federal court, absent consent, waiver, or the like." Davidson v. Howe, No. 13-2365, --- F.3d ----, 2014 WL 1613706 (1st Cir. Apr. 16, 2014).

Here, the Middlesex Sheriff's Office is an "arm" of the Commonwealth and, as such, Eleventh Amendment state sovereign immunity prohibits an individual damages suit against a non-consenting state in federal court. The Commonwealth has not consented to suit under Section 1983 in its own or the federal courts, see Woodbridge v. Worcester State Hosp., 384 Mass. 38, 44-45, 423 N.E.2d 782 (1981), and Section 1983 does not abrogate a state's immunity from suit in federal court. Will v. Mich. Dep't of State Police, 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) ("Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity and so to alter the federal-state balance in that respect...."). Thus, plaintiff's claim against the Middlesex Sheriff's Office is subject to dismissal.

2. Sheriff Peter J. Koutoujian

### a. Official Capacity

As to the Middlesex County Sheriff, Peter J. Koutoujian, he is a state official and, to the extent he is sued in his official capacity, is not subject to suit under Section 1983. Claims for damages against the state, its agencies or its officers for actions performed in their official capacities are barred under the Eleventh Amendment, unless the state waives its immunity. Kentucky v. Graham, 473 U.S. 159, 169, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); see also Will v. Mich. Dep't of State Police, 491 U.S. at 71 (a suit against an individual in his or her official capacity "is not a suit against the official, but rather a suit against the official's office"). Thus, plaintiff's claim against Sheriff Koutoujian in his official capacity is subject to dismissal.

### b. Individual Capacity

The Eleventh Amendment does not bar actions for damages against state officials in their individual capacities. Graham, 473 U.S. at 165-67. In order to properly bring a claim under 42 U.S.C. § 1983 against an individual defendant, a party must allege personal involvement of the defendant in the purported constitutional violation. "It is well-established that 'only those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable'" under Section 1983. Velez-Rivera v. Agosto-Alicea, 437 F.3d 145, 156 (1st Cir.

2006) (quoting Cepero-Rivera v. Fagundo, 414 F.3d 124, 129 (1st Cir. 2005)). A defendant is only liable for his or her own misconduct. Ashcroft v. Iqbal, 556 U.S. 662, 675, 129 S.Ct. 1937, 173 L. Ed. 2d 868 (2009).

Moreover, any claims against Sheriff Koutoujian, in his individual capacity, based upon the actions or inactions of staff at the Middlesex Jail and/or House of Correction are not cognizable because there is no respondeat superior liability under Section 1983. "[In civil rights actions],'supervisors are not automatically liable for the misconduct of those under their command. A plaintiff must show an affirmative link between the subordinate [employee] and the supervisor, whether through direct participation or through conduct that amounts to condonation or tacit authorization.'" Velez-Rivera v. Agosto-Alicea, 437 F.3d 145, 156 (1st Cir. 2006) (quoting Carmona v. Toledo, 215 F.3d 124, 132 (1st Cir. 2000)). See Pinto v. Nettleship, 737 F.2d 130, 132 (1st Cir. 1984) (liability can only be imposed upon officials who were involved personally in the deprivation of constitutional rights). See also Pineda v. Toomey, 533 F.3d 50, 54 (1st Cir. 2008) (discussing test for liability of supervisory officials).

Here, the factual allegations in the complaint fail to provide more than a conclusory description of how plaintiff's constitutional rights were allegedly violated by Sheriff

Koutoujian or even the manner by which the Sheriff allegedly subjected the plaintiff to harm.  In light of the above, the damages claims against Sheriff Koutoujian in his individual capacity are subject to dismissal.

    B.    <u>Claims for Non-Monetary Relief</u>

There are exceptions to Eleventh Amendment immunity.  It does not prevent the bringing of a suit against a state official in his official capacity when a party seeks prospective equitable relief enjoining future violations of federal law.  <u>Green v. Mansour</u>, 474 U.S. 64, 68, 106 S.Ct. 423, 88 L.Ed.2d 371 (1985); <u>Ex parte Young</u>, 209 U.S. 123, 159-160, 28 S.Ct. 441, 52 L.Ed. 714 (1908).  "A state official in his or her official capacity, when sued for injunctive relief, [is] a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'"  <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. at 71 n.10 (1989).

The relief sought by Morgan, however, is not prospective.  Even with a liberal construction, there are no causes of action available for most of the non-monetary forms of relief sought in the complaint.  To the extent he seeks an order "to stop abuse" or "lifetime protection," it is unclear from the vague allegations in the complaint as to what these claims really are.  The allegations are insufficient to identify the injunctive relief sought by plaintiff.

C.  Order to Show Cause or File an Amended Complaint

In light of the above, this action will be dismissed unless, within 42 days from the date of this Memorandum and Order, plaintiff demonstrates good cause in writing why it should not be, or files an amended complaint that cures the pleading deficiencies noted above.  Any amended complaint must set forth the cause of action (that is, the legal theory of liability) asserted against each defendant separately, along with a brief statement of the underlying facts to support each claim (that is, the "who, what, when, where, and why" information required by the federal courts) and the relief to which plaintiff is allegedly entitled.  Failure to comply with these directives will result in dismissal of this action.

VI  Motion for Injunctive Relief

In light of the order directing plaintiff to demonstrate good cause why the complaint should not be dismissed, or file an amended complaint that cures the pleading deficiencies noted above, there is no operative complaint to support the consideration of injunctive relief.  Thus, plaintiff's motion for injunctive relief is denied as premature.

VII Motion for the Appointment of Counsel

Under 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).  However, a civil plaintiff lacks a

13

constitutional right to free counsel.  <u>Desrosiers v. Moran</u>, 949 F.2d 15, 23 (1st Cir. 1991).

At this juncture, this Court cannot find that exceptional circumstances exist warranting the appointment of pro bono counsel.  Notwithstanding that Morgan is unable to afford to retain counsel, and notwithstanding that he alleges that he suffers from mental illness, the Court cannot adequately evaluate the merits of this case for purposes of considering appointment until plaintiff files a show cause response or an amended complaint.  Therefore, the Court will deny plaintiff's motion for appointment of counsel.

VIII <u>Request to Impound All Proceedings</u>

Plaintiff's request for relief includes a request for the Court to "[i]mpound all proceedings relative to this complaint from public inspection up to jury trial." <u>See</u> Pl. Compl., p. 7, ¶ 19.  However, plaintiff has not set forth any facts to justify a blanket sealing of the entire record in this case.

The Court has a process for having confidential materials impounded, i.e. filed under seal.  <u>See</u> District of Massachusetts Local Rule 7.2.  Rule 7.2 (d) explains that motions for impoundment must be filed and ruled upon prior to submission of the actual material sought to be impounded, unless the court orders otherwise.

A case filed in federal court and the documents filed in the

case are presumed to be public. See In re Providence Journal Co., Inc., 293 F.3d 1, 13-14 (1st Cir. 2002); In re Auerhahn, 650 F. Supp. 2d 107, 112 (D. Mass. 2009) (Wolf, J.). "[O]nly the most compelling reasons can justify non-disclosure of judicial records." National Org. for Marriage v. McKee, 649 F.3d 34, 70 (1st Cir. 2011), cert. denied, - U.S. -, 132 S. Ct. 1635, 183 L.Ed. 233 (2012) (internal citation and citation to quoted cases omitted). Here, Morgan fails to follow the procedures outlined in Local Rule 7.2 and, more importantly, offers no reason to seal this case. Thus, his request to impound the proceedings is denied.

## ORDER

ACCORDINGLY, for the reasons stated above, it is hereby Ordered that:

(1) Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Docket No. 10) is allowed;

(2) Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of $26.51. The remainder of the fee, $323.49, shall be collected in accordance with 28 U.S.C. § 1915(b)(2);

(3) Within forty-two (42) days of the date of this Memorandum and Order, plaintiff shall show cause why his complaint should not be dismissed, or in the alternative, he shall file an amended complaint;

(4) Plaintiff's motion for appointment of counsel (Docket No. 7) is denied without prejudice;

(5) Plaintiff's motion for injunctive relief (Docket No. 11) is denied as premature; and

(6) Plaintiff's request to impound the proceedings is
    denied.

SO ORDERED.

 August 13, 2014                          /s/ Indira Talwani
DATE                                     INDIRA TALWANI
                                         UNITED STATES DISTRICT JUDGE