# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PATRICK MORGAN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | 14-10659-IT |
| v. | ) | |
| | ) | |
| MIDDLESEX SHERIFF'S OFFICE, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**TALWANI, D.J.**

For the reasons stated below, this action is dismissed for failing to state a claim on which relief may be granted.

## BACKGROUND

In March 2014, Patrick Morgan ("Morgan") initiated this action against the Middlesex Sheriff's Office and other defendants. By Memorandum and Order dated April 16, 2014, Morgan was advised that if he wanted to proceed with this action, he must either file an amended habeas petition or a complaint. *See* Docket No. 5. Morgan filed a civil complaint, *see* Docket No. 9, and by Memorandum and Order dated August 13, 2014, Morgan was permitted to proceed *in forma pauperis* but was ordered to show cause why his complaint should not be dismissed, or in the alternative, to file an amended complaint. *See* Docket No. 14. The court also denied without prejudice plaintiff's motion for appointment of counsel. *Id.* at 14-15. By Procedural Order dated November 18, 2014, Morgan was advised that if he wishes to pursue his claim, his deadline for complying with the 08/13/14 Memorandum and Order was extended to December

1

31, 2014.  *See* Docket No. 18.  Morgan responded by filing several motions and requested an extension of time.  *See* Docket Nos. 20, 21, 22.  By Order dated December 5, 2014, the court, among other things, granted Morgan an extension of time until January 9, 2015 to file an amended complaint.  *See* Docket No. 24.  On January 15, 2015, Morgan filed a document entitled "Motion to Strike and Amend Complaint and Petition the Court for Access to Court and Raw Materials."  *See* Docket No. 26 (Plaintiff's Am. Compl.).  On May 15, 2015, Morgan filed a motion pursuant to the Freedom of Information Act to obtain any files that the government may have on him.  *See* Docket No. 27.

## DISCUSSION

As an initial matter, Morgan failed to comply with a court imposed deadline for filing his amended complaint.  By Order dated December 5, 2014, Morgan was granted until January 9, 2015, to file an amended complaint.  Six days after the court imposed deadline, on January 15, 2015, Morgan filed his amended complaint.  The cover letter accompanying the amended complaint is dated January 13, 2015.  Despite the fact that his amended complaint was not timely filed, the court will allow the filing of Morgan's amended complaint,

The court provided several opportunities to Morgan to allege facts sufficient to state a claim. The court's August 13, 2014 Memorandum and Order explained that any amended complaint must set forth the cause of action (that is, the legal theory of liability) asserted against each defendant separately, along with a brief statement of the underlying facts to support each claim (that is, the "who, what, when, where, and why" information required by the federal courts) and the relief to which Morgan is allegedly entitled.  *See* Docket No. 14.  The order advised Morgan that failure to comply with these directives will result in dismissal of this action.

*Id.*

In his January 15, 2015 amended complaint, Morgan again seeks assistance from the court, this time in the provision of "raw materials." *See* Docket No. 26. He explains that he is indigent and does not possess the "raw materials and/or mechanical inclinations to completely adhere to all rules of civil procedure in great part due to [his handicap]." *Id.* As to his effort to show cause why his claims should not be dismissed, the amended complaint contains conclusory allegations that does not provide sufficient details of the underlying facts supporting the allegations. Morgan references several "'notarized' cases" where courts have held liable "prison officials, and other elected officials." *Id.* at p. 6. Morgan reminds the court that he filed "repeated grievances to no avail," *id.* at p. 3, and now suffers "from memory loss, 'ticks' and other psychological and neurological ailments that seriously impede [his] ability to maintain and sustain gainful employment." *Id.* at p. 4.

By issuing its previous orders and allowing Morgan to amend his complaint, the court gave Morgan the opportunity to further develop the underlying factual basis for his civil rights claims. However, after reviewing the amended complaint, the court finds that the amended complaint still does not contain enough facts to plead any plausible claims against any of the defendants. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–58 (2007) (holding that a complaint must include factual allegations that, taken as true, demonstrate a plausible claim for relief). After carefully reviewing Morgan's submissions, I find that he has failed to demonstrate any reason why this action should not be dismissed. It does not seem likely that Morgan will be able to sufficiently plead any claim and the court concludes that it would be futile to permit further amendment.

Finally, as to Morgan's motion pursuant to the Freedom of Information Act to obtain any files that the government may have on him, *see* Docket No. 27, Morgan must file any requests to the governmental agencies that possess the information he seeks.

**ORDER**

Based upon the foregoing, it is hereby ORDERED that, in accordance with this Court's order dated August 13, 2014, and the plaintiff not having shown good cause why this case should not be dismissed for failure to state a claim, it is ORDERED that the within action be and it is hereby DISMISSED for the reasons stated above. In addition, in accordance with the above, Plaintiff's motion seeking government files at docket #27 is hereby DENIED.
**So ordered.**

    /s/ Indira Talwani
Indira Talwani
United States District Judge

Dated: June 4, 2015